UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLEN WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN GENERAL HOSPITAL, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-01808-SCR<br><br>ORDER TO SHOW CAUSE |

　　　　This case was filed on June 26, 2025. ECF No. 1. This action has been assigned to the Magistrate Judge under the court's automated case assignment plan. See Local Rules, Appendix A, subsection (m). Pursuant to the Local Rule and the Court's initial scheduling order, the parties are required to return the "CONSENT / DECLINE OF U.S. MAGISTRATE JUDGE JURISDICTION" form to the Clerk within 90 days from the date the action was filed. ECF No. 4 at 2. In this case, the parties' consent/decline forms were due on September 24, 2025.

　　　　The forms have not been returned, and the record reflects that more than 90 days have passed since the filing of this action and no return/proof of service is on file, nor has any Defendant appeared. Additionally, the complaint does not contain a jurisdictional statement, and the jurisdictional basis is unclear. Accordingly, Plaintiff shall show cause why the action should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m), or

for lack of subject matter jurisdiction.

## I. Time Limit for Service

Plaintiff filed this action on June 26, 2025. ECF No. 1. Summons issued on June 30, 2025. ECF No. 3. Federal Rule of Civil Procedure 4(l) states that "proof of service must be made to the court." Federal Rule of Civil Procedure 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The 90 days in which to effect service expired on September 24, 2025. Plaintiff has not filed returns/proof of service, nor has Plaintiff filed a motion to extend the time for service that demonstrates good cause.

## II. Jurisdiction

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Here, the complaint does not contain a jurisdictional statement, and the jurisdictional basis is not obvious. Plaintiff alleges he is a California state resident and he sues a medical center in California. ECF No. 1 at ¶¶ 1-2. The four alleged causes of action all appear to be based in state law.

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas*

*Global Group, L.P.*, 541 U.S. 567, 593 (2004). The Court will therefore direct Plaintiff to address the basis for subject matter jurisdiction in response to this Order to Show Cause.

Accordingly**, IT IS HEREBY ORDERED** that:

1. Plaintiff shall show cause, in writing, **within 14 days** of the date of this Order, why this action should not be dismissed based on failure to effect service or for lack of subject matter jurisdiction.

2. Plaintiff shall respond by filing a brief, not to exceed 7 pages, explaining: A) why Plaintiff has not completed service; B) demonstrating good cause for an extension of time for service; and C) addressing the issues raised herein concerning subject matter jurisdiction. If Plaintiff has completed service, a return/proof of service shall be filed.

3. Failure to respond will result in dismissal of the action.

4. Additionally, as Defendant has not appeared and consent is unavailable at this time, the Clerk of Court is DIRECTED to assign a District Judge to this case.

SO ORDERED.

DATED: October 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3