Stephanie Roundy, Esq., Bar No. 211871
Christopher J. Clark, Esq., Bar No. 346464
MORDAUNT, ROUNDY, REIHL & JIMERSON
A Professional Law Corporation
2800 W. March Lane, Suite 300
Stockton, CA  95219
Telephone: (209) 473-8732
Facsimile:  (209) 957-9165
sroundy@mrrjlaw.com
cclark@mrrjlaw.com
service@mrrjlaw.com

Attorneys for Defendant
COUNTY OF SAN JOAQUIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLEN WHITE, an individual<br><br>Plaintiff(s),<br><br>vs.<br><br>SAN JOAQUIN GENERAL HOSPITAL AUXILARY; an organizational entity COUNTY OF SAN JOAQUIN; a public entity, and DOES 1-10, inclusive<br><br>Defendant(s). | Case No. 2:25-cv-01808-TLN-SCR<br><br>**DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    June 25, 2026<br>Time:   2:00 p.m.<br>Courtroom: 2, 15th Floor |

TO PLAINTIFF JASON ALLEN WHITE AND HIS FORMER COUNSEL OF RECORD, RESHMA KAMATH, ESQ.

Please take notice that on **June 25, 2026** at **2:00 p.m.**, or as soon thereafter as this matter may be heard, in the United States District Court, Eastern District of California, at 501 I Street, Courtroom 2, Sacramento, CA 95814, Defendant COUNTY OF SAN JOAQUIN will move under Federal Rule of Civil Procedure, Rule 41(b), to dismiss all claims brought by Plaintiff JASON ALLEN WHITE for his failure to prosecute his claims. Defendant's motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, and the Court's file in this action.

///

Mordaunt, Roundy,
Reihl & Jimerson
2800 W. March Lane,
Suite 300
Stockton, CA  95219
(209) 473-8732

1

DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff JASON ALLEN WHITE (hereinafter "Plaintiff") has failed to prosecute this action and failed to comply with this Court's orders, warranting dismissal under Federal Rule of Civil Procedure 41(b). After the COUNTY OF SAN JOAQUIN (hereinafter "Defendant") filed its Motion to Quash Service of the First Amended Complaint, Plaintiff filed no opposition. The Court then terminated Plaintiff's counsel as attorney of record after confirming she was no longer eligible to practice law in California and placed the Defendant's motion in abeyance pending resolution of Plaintiff's representation status. The Court granted Plaintiff 90 days to retain new counsel or notify the Court of an intention to proceed without counsel and ordered Plaintiff's counsel to serve Plaintiff with the order and file proof of service within 14 days. Those deadlines have long since expired. No new counsel has appeared, Plaintiff has not indicated an intent to proceed without counsel, and Plaintiff's counsel has not filed proof of service.

This case has now remained inactive for approximately six months, and Defendant's Motion to Quash remains in abeyance through no fault of Defendant. Rule 41(b) authorizes dismissal where a plaintiff "fails to prosecute or to comply with . . . a court order." Plaintiff cannot avoid dismissal based on counsel's inaction because a party is bound by the acts and omissions of their freely chosen attorney-agent. Because Plaintiff has failed to prosecute this case, and failed to comply with the Court's orders, the Court should dismiss this action under Rule 41(b).

### II.    FACTUAL BACKGROUND

This action arises out of plaintiff's general allegations that at some point between February 15, 2024, to February 23, 2024, "Defendant's medical team, including emergency and trauma physicians, failed to diagnose a diaphragm tear despite the presence of hemothorax on Plaintiff's ride side." (ECF No. 7, ¶¶ 6 – 18.) Plaintiff claims that as a result of Defendant's alleged profession negligence, Plaintiff suffered a pulmonary embolism on or about March 8, 2024, causing "severe injuries" and "neurological issues." (*Ibid*. ¶¶ 19 – 29)

///

///

Mordaunt, Roundy, Reihl & Jimerson
2800 W. March Lane, Suite 300
Stockton, CA  95219
(209) 473-8732

DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES

## III.    PROCEDURAL BACKGROUND

On August 18, 2024, plaintiff initially filed an action in the Superior Court of California, County of San Joaquin, relating to the same series of transactions and occurrences as alleged in operative complaint. (ECF No. 12-1, 2:17-19.) On October 22, 2024, counsel for Defendant informed Plaintiff's counsel, amongst other things, that service was improper because to properly serve the County of San Joaquin, who owns San Joaquin General Hospital, the Clerk of the Board of Supervisors must be served and that it may move to quash if service cannot be effectuated. (ECF No. 12-1, 2:19-23.)

On December 12, 2024, following an unopposed motion by Defendant, the Court quashed Plaintiff's service of process upon the County. (ECF No. 12-1, 2:24-25.) On January 29, 2025, Plaintiff, himself, not counsel, eventually served the County of San Joaquin by serving it upon the Clerk of the Board of Supervisors. (ECF No. 12-1, 2:25-27.) However, on June 24, 2025, notice of entry of judgment of dismissal was filed and served upon Plaintiff, dismissing Defendant from the state action, following a demurrer and motion to strike portions of the then operative complaint. (ECF No. 12-1, 2:27-3:2.)

But, on June 26, 2025, Plaintiff filed a complaint with this Court as to "San Joaquin General Hospital" for professional negligence. (ECF No. 1.) On October 2, 2025, this Court issued an Order to Show Cause, which informed Plaintiff that more than 90 days passed without any proof of service of the complaint on file and of several jurisdictional deficiencies identified in the complaint. (ECF No. 5.) On October 12, 2025, Plaintiff filed the first amended complaint, altering the defendant names to "San Joaquin General Hospital Auxiliary" and "County of San Joaquin." (ECF No. 7.) On October 20, 2025, this Court discharged the Order to Show Cause based on representations made by Plaintiff's counsel (ECF No. 9), requiring all defendants be served on or about October 30, 2025, (ECF No. 10.)

On November 3, 2025, Plaintiff filed a "summons returned executed," with this Court, alleging that San Joaquin General Hospital was served on or about October 30, 2025. (ECF No. 11.) On November 20, 2025, based on Plaintiff's failure to properly serve the Clerk of the Board of Supervisors for the County of San Joaquin, Defendant filed a Motion to Quash. (ECF No. 12.) On

Mordaunt, Roundy, Reihl & Jimerson
2800 W. March Lane, Suite 300
Stockton, CA 95219
(209) 473-8732

3

December 12, 2025, this reviewed Defendant's Motion to Quash, and found, amongst other things, that Plaintiff's counsel was ineligible to practice law in the State of California and terminated Plaintiff's counsel as attorney of record in this case. (ECF No. 13, 1:26-2:2.) The Court further ordered that Plaintiff was granted ninety (90) days to either (1) retain new counsel and have new counsel file a notice of appearance, or (2) notify this Court of their intention to proceed without counsel. (ECF No. 13, 2:2-4.) This Court also ordered that Plaintiff's former counsel serve Plaintiff with its order, and file proof of service on the docket within fourteen (14) days of December 12, 2025. (ECF No. 13, 2:4-6.)

On January 22, 2026, The Court ordered that Plaintiff's counsel be sanctioned in the amount of $500 after she failed to respond to the Court's December 12, 2025 Order to Show Cause regarding her failure to oppose the Defendant's Motion to Quash and her failure to promptly notify the Court of any disciplinary charge or any change in status as required by Local Rule 184(b).. (ECF No. 15.) As of the filing of this Motion, Defendant's Motion to Quash remains in abeyance, and Plaintiff has not retained new counsel, or notified the Court of their intention to proceed without counsel.

## IV.    LEGAL AUTHORITY

Federal Rule of Civil Procedure 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 14(b); *link v. Wabash R. Co.,* 370 U.S. 626, 629-30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars). To avoid dismissal, a plaintiff must prosecute a case with "'reasonable diligence.'" *Moore v Telefon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

When considering dismissal for failure to prosecute under Rule 41(b), the Court shall consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favorign

Mordaunt, Roundy, Reihl & Jimerson 2800 W. March Lane, Suite 300 Stockton, CA 95219 (209) 473-8732

4

DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES

disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). The Ninth Circuit "'may affirm a dismissal where at least four factors support dismissal … or where at least three factors strongly support dismissal.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

## V.    ARGUMENT

All five factors pertinent to Rule 41(b) inquiry weigh in favor of dismiss Plaintiff's claims for failure to prosecute, and failure to obey a Court order.

### A.  Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish*, 191 F.2d at 990).

The public's interest in expeditious resolution of litigation favors dismissal. This action has remained effectively dormant since Defendant filed its Motion to Quash on November 20, 2025, and Plaintiff has taken no meaningful action to prosecute the case since that time. Plaintiff did not oppose Defendant's Motion to Quash, did not comply with the Court's orders, did not obtain new counsel, and did not notify the Court of any intention to proceed without counsel. As a result, Defendant's Motion to Quash remains in abeyance, and this case is unable to move toward resolution. Because Plaintiff's inaction has prevented this matter from moving forward for approximately six months, the first factor weighs in favor of dismissal.

### B.  Court's Need to Manage its Docket

The second factor, the Court's need to manage its docket, looks to whether a case has "consumed … time that could have been devoted to other cases on the [Court's] docket." *See Pagtalunan*, 291 F.2d at 642; *Edwards v. Marin Park, Inc.*, 256 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.")

The Court's need to manage its docket also favors dismissal. Plaintiff's failure to prosecute this action has required this Court to issue an Order to Show Cause, discharge that Order based on Plaintiff's counsel's representations, review Defendant's Motion to Quash, terminate Plaintiff's counsel as attorney of record, issue further orders concerning Plaintiff's representation, and impose

Mordaunt, Roundy, Reihl & Jimerson
2800 W. March Lane, Suite 300
Stockton, CA  95219
(209) 473-8732

5

sanctions after Plaintiff's counsel failed to respond to the Court's Order to Show Cause. Defendant's Motion to Quash now remains in abeyance because Plaintiff has taken no action to move this case forward. This continued inactivity unnecessarily consumes judicial resources, which is particularly significant where this Court has acknowledged an unprecedented influx of new cases, including approximately 2,400 new cases filed in a three-month period in 2026, resulting in significant delays in the resolution of other federal cases. Accordingly, the second factor weighs in favor of dismissal.[1]

### C. Risk of Prejudice to Defendants

The third factor, prejudice to Defendants, also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re. Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("[T]he failure to prosecute diligent is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.")

Furthermore, in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, the Supreme Court reaffirmed the general proposition that an attorney's culpable conduct is imputed to the client. 113 S. Ct. 1489, 1499 (1993). The Court observed that in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), it had "held that a client may be made to suffer the consequences of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. In so concluding, [the Court] found 'no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client'" *Pioneer*, 113 S. Ct. at 1499 (quoting *Link*, 370 U.S. 626 at 633-34). The Court in *Link* concluded that the client "voluntarily chose [his] attorney . . . and cannot now avoid the consequences of the acts or omissions of this freely selected agent. . . . Each party is bound by the acts of his lawyer-agent and is considered to have notice of all facts . . . which can be charged upon the attorney." 370 U.S. at 633-34 (quotations omitted)).

The third factor, prejudice to Defendant, also weighs in favor of dismissal. A rebuttable presumption of prejudice arises when a plaintiff unreasonably delays prosecution of an action, and Plaintiff's failure to prosecute this case has prevented Defendant from obtaining resolution of its pending Motion to Quash or otherwise disposing of this action. Plaintiff has been represented by

Mordaunt, Roundy, Reihl & Jimerson
2800 W. March Lane, Suite 300
Stockton, CA 95219
(209) 473-8732

---

[1] https://www.caed.uscourts.gov/CAEDnew/index.cfm/news/judicial-emergency/?utm_source=chatgpt.com

DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES

the same counsel since the inception of the prior state court action, through dismissal of that action, and again when this federal action was filed. Although Plaintiff may now be prejudiced by the acts and omissions of Plaintiff's former counsel, that does not eliminate the prejudice to Defendant. A party is bound by the acts and omissions of freely chosen counsel, and Plaintiff cannot avoid the consequences of counsel's failure to oppose Defendant's motion, comply with this Court's orders, or move this case forward. Because Defendant remains unable to obtain a ruling on its pending motion or otherwise bring this case toward resolution due to Plaintiff's unreasonable delay, the third factor weighs in favor of dismissal.

### D.  Public Policy Favoring Disposition on the Merits

The Fourth factor, public policy in favor of deciding cases on the merits, ordinarily weights against dismissal. *Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). It is a plaintiff's responsibility, however, to move the case toward disposition at a reasonable pace and to avoid engaging in dilatory and evasive tactics. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).

The fourth factor, public policy favoring disposition on the merits, does not preclude dismissal. Although this factor ordinarily weighs against dismissal, Plaintiff bears the responsibility to move this case toward disposition at a reasonable pace. Plaintiff has not done so. Plaintiff has failed to oppose Defendant's Motion to Quash, comply with this Court's orders, obtain new counsel, or notify this Court of an intention to proceed without counsel. Accordingly, although the fourth factor may weigh against dismissal, it is outweighed by Plaintiff's failure to prosecute this action and comply with this Court's orders.

### E.  Availability of Less Drastic Alternatives

The fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. While dismissal should be with prejudice in this case, if the Court disagrees, dismissal could be entered without prejudice to protect Plaintiff's interests. District Courts within the Ninth Circuit have entered dismissal without prejudice to protect plaintiff's interests, particularly so when plaintiff is

Mordaunt, Roundy,
Reihl & Jimerson
2800 W. March Lane,
Suite 300
Stockton, CA  95219
(209) 473-8732

7

DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES

unable to secure counsel. *See Aviles v. LawA. Cty. Dep't of Children & Family Servs.*, No. 2:23-cv-07215-CBM-BFM, 2024 U.S. Dist. LEXIS 74115, at *3-8 (C.D. Cal. Apr. 23, 2024) (report and recommendation adopted , 2024 U.S. Dist. LEXIS 97330, at *1) (C.D. Cal. May 31, 2024) (dismissing without prejudice claims of minor plaintiff after father failed to secure counsel); Calabrese v. California., No. 22-cv-0524-JWH (KK), 2022 U.S. Dist. LEXIS 239205 (C.D. Cal. Oct. 11, 2022) (dismissing without prejudice claims when plaintiff lacked the capacity to sue on her own and did not retain counsel, finding that doing so "would sufficiently protect her interest in pursuing the action at a later date"); *Lee v. Kijakazi*, No. 2:20-cv-9929 MAR, 2022 U.S. Dist. LEXIS 114599, at *12-13 (C.D. Cal. June 28, 2022) (court dismissed without prejudice after plaintiff's father failed to secure counsel).

For these reasons, the availability of a less drastic sanction does not preclude dismissal under Rule 41(b). At minimum, dismissal without prejudice would provide a meaningful alternative to continued abeyance while preserving Plaintiff's ability to pursue the action later if appropriate.

## VI.   CONCLUSION

All five factors pertinent to the Rule 41(b) inquiry to support dismissing Plaintiff's claims for failure to prosecute. Thus, the Court should grant Defendants' motion to dismiss for failure to prosecute, and dismiss Plaintiff's claims, with prejudice. Alternatively, the Court could dismiss Plaintiff's claims without prejudice.

Dated: May 6, 2026                                    MORDAUNT, ROUNDY, REIHL & JIMERSON


By:  */s/ Christopher Clark*
        Christopher J. Clark, Esq.
        Attorneys for Defendant
        COUNTY OF SAN JOAQUIN

Mordaunt, Roundy, Reihl & Jimerson 2800 W. March Lane, Suite 300 Stockton, CA 95219 (209) 473-8732

DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES

PROOF OF SERVICE BY MAIL

OR BY FEDEX OVERNIGHT

STATE OF CALIFORNIA, COUNTY OF SAN JOAQUIN

I am employed in the County of San Joaquin, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2800 W. March Lane, Suite 300, Stockton, CA 95219.  My electronic service address is egarnica@mrrjlaw.com

On May 6, 2026, I served the following:

**DEFENDANT COUNTY OF SAN JOAQUIN'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF JASON ALLEN WHITE'S CLAIMS FOR FAILURE TO PROSECUTE, AND MEMORANDUM OF POINTS AND AUTHORITIES**

☒ By enclosing a true copy thereof in an appropriate sealed envelope, addressed to each interested party as stated on the attached mailing list.

**BY MAIL:**

☐ I deposited each such sealed envelope, with postage thereon fully prepaid, in the United States mail at Stockton, California.

☒ Pursuant to ordinary business practice, I caused said envelope to be collected and placed for deposit in the United States Postal Service at Stockton, California.  I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing.  It is collected and deposited with the United States Postal Service, with postage thereon fully prepaid, on the same day in the ordinary course of business.

**BY FEDEX:**

☐ I deposited each sealed FEDEX envelope, with FEDEX delivery fees fully prepaid or provided for, in a FEDEX depository at Stockton, California.

**BY E-MAIL or ELECTRONIC TRANSMISSION.**

☐ I caused the document listed above to be served via electronic transmission upon all counsel of record at their respective email addresses listed with the Court's electronic filing system.

Executed on May 6, 2026 at Stockton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Erica Garnica*
ERICA GARNICA

Mordaunt,
Roundy, Reihl
& Jimerson
2800 W. March Lane
Suite 300
Stockton, CA  95219
(209) 473-8732

**White v. County of San Joaquin**
**EASTERN DISTRICT OF CALIFORNIA**
**Case No. 2:25-CV-01808-TLN-SCR**

Mailing List

<u>**NAME**</u>

Jason Allen White
2412 Talaria Dr
Oakley, CA 94561

Mordaunt,
Roundy, Reihl
& Jimerson
2800 W. March Lane
Suite 300
Stockton, CA 95219
(209) 473-8732