UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLEN WHITE, | No.  2:25-cv-01808-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN GENERAL HOSPITAL, | |
| Defendant. | |

Plaintiff is now proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  *See* ECF No. 18.  The complaint in this action was filed on June 26, 2025, while Plaintiff was represented by counsel, Reshma Kamath ("Kamath").  That was just days after disciplinary state bar charges had been filed against Kamath on June 20, 2025.[1]  Counsel did not notify the Court of the pending disciplinary action, or of counsel's eventual change in status, as is required by Local Rule 184(b).  The Court learned of counsel's change in status when Defendant raised it in a filing on November 20, 2025.  ECF No. 12-1 at 1.

On December 12, 2025, Judge Nunley issued an order terminating Kamath as counsel of

---

[1]  These records are available on the California State Bar website at Reshma Kamath # 333800 - Attorney Licensee Search  According to this source, Plaintiff's counsel has been ineligible to practice in California since November 8, 2025.

1

record and directing Kamath to immediately serve Plaintiff with a copy of the order and to file proof of service within 14 days.  ECF No. 13 at 2.  Kamath was also ordered to show cause why she had not responded to a pending motion, nor complied with Local Rule 184(b).  Kamath did not file a proof of service or otherwise respond, and Judge Nunley issued an order imposing a sanction of $500.  ECF No. 15.

The December 12, 2025 order also allowed Plaintiff 90 days to retain new counsel and have new counsel file a notice of appearance, or file a notice that Plaintiff will be proceeding pro se.  ECF No. 13 at 2.  Plaintiff has not made a pro se filing, and new counsel has not appeared.  On May 6, 2026, Defendant filed a motion seeking to dismiss the action pursuant to Rule 41(b) for failure to prosecute.  ECF No. 17.  Defendant's certificate of service states that Plaintiff was served via mail at: 2412 Talaria Dr., Oakley, CA 94561.  Pursuant to Local Rule 230, an opposition brief was due by May 20, 2026.

As Kamath did not comply with the Court's prior order (ECF No. 13), it is not clear that Plaintiff was served with the December 12, 2025 order.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The Clerk shall serve a copy of this Order, and the December 12, 2025 Order (ECF No. 13) on Plaintiff at the following address: 2412 Talaria Dr., Oakley, CA 94561.

2.  Plaintiff shall, **within 21 days of the date of this order**, file a notice indicating that he intends to proceed pro se, or have newly retained counsel enter an appearance.

3.  Plaintiff shall file a response to the Motion to Dismiss (ECF No. 17) no later than **June 22, 2026**.  Plaintiff is cautioned that failure to file an opposition to the motion will be construed by the Court as non-opposition to the motion.  See LR 230(c).

4.  Failure to comply with this Order may result in a recommendation that the action be dismissed.

SO ORDERED.

DATED: May 22, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2