UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON ALLEN WHITE,

        Plaintiff,

        v.

SAN JOAQUIN GENERAL HOSPITAL,

        Defendant.

No.  2:25-cv-01808-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is now proceeding pro se in this action.  *See* ECF No. 13 (order terminating Plaintiff's counsel as counsel of record).  This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  ECF No. 18.  Before the Court are two motions filed by Defendant: 1) a motion to quash service and/or dismiss the first amended complaint ("Motion to Quash") (ECF No. 12); and 2) a motion to dismiss for failure to prosecute ("Motion to Dismiss") (ECF No. 17).  For the reasons stated below, the Court finds the Motion to Dismiss to be dispositive and recommends it be granted and the action dismissed.

**I.    Background and Procedural History**

This is a medical malpractice action.  Plaintiff filed the complaint in this action on June 26, 2025, while represented by counsel, Reshma Kamath ("Kamath").  That was just days after disciplinary state bar charges had been filed against Kamath.  Kamath did not notify the Court of the pending disciplinary action, or of counsel's eventual change in status, as is required by Local

1

Rule 184(b).  The Court learned of Kamath's change in status when Defendant raised it in a filing on November 20, 2025.  ECF No. 12-1 at 1.

On December 12, 2025, Judge Nunley issued an order terminating Kamath as counsel of record and directing Kamath to immediately serve Plaintiff with a copy of the order and to file proof of service within 14 days.  ECF No. 13 at 2.  Kamath was also ordered to show cause why she had not responded to a pending motion, nor complied with Local Rule 184(b).  Kamath did not file a proof of service or otherwise respond, and Judge Nunley issued an order imposing a sanction of $500.  ECF No. 15.

The December 12, 2025 order also allowed Plaintiff 90 days to retain new counsel and have new counsel file a notice of appearance, or file a notice that Plaintiff will be proceeding pro se.  ECF No. 13 at 2.  Plaintiff has not made a pro se filing, and new counsel has not appeared.  On May 6, 2026, Defendant filed the Motion to Dismiss, seeking to dismiss the action pursuant to Rule 41(b) for failure to prosecute.  ECF No. 17.  Defendant's certificate of service states that Plaintiff was served via mail at: 2412 Talaria Drive, Oakley, CA 94561.  Pursuant to Local Rule 230, an opposition brief was due by May 20, 2026.

Plaintiff did not file an opposition brief, and on May 26, 2026, the Court issued an order directing Plaintiff to file a notice of intent to proceed pro se, or have newly retained counsel enter an appearance by June 16, 2026.  ECF No. 19 at 2.  The Court also directed Plaintiff to file an opposition to the Motion to Dismiss by no later than June 22, 2026.  *Id*.  Plaintiff was cautioned that failure to respond would be construed as non-opposition to the motion, and may result in a recommendation that the action be dismissed.  *Id*.

**II.    Analysis**

Defendant's Motion to Dismiss details that there has been no activity in this case from Plaintiff's side since Plaintiff's counsel became ineligible to practice law in California and was terminated.  ECF No. 17.  It has now been over six months since counsel was terminated on December 12, 2025.  ECF No. 13.  While Plaintiff was still represented, Kamath failed to file an opposition to the Motion to Quash.  Plaintiff also did not oppose the Motion to Dismiss, and has not filed anything in this action since November 3, 2025.  Under Local Rule 230(c) an opposition

2

to a motion is due "no later than fourteen (14) days after the motion was filed." Failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion. LR 230(c).

The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed one year ago and concerns alleged events in February 2024. ECF No. 1. Plaintiff has taken no action in the case for over seven months. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over a year, and the Court has issued several orders including two orders to show cause and an order imposing sanctions. ECF Nos. 5, 13, & 14. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendants

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the

3

risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643.  This matter cannot proceed to trial without Plaintiff's participation and Plaintiff has not participated since counsel was terminated.  The Court finds this factor weighs in favor of dismissal.

### 4.  Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives.  Defendant argues that dismissal should be with prejudice, but that alternatively dismissal could be entered without prejudice to protect Plaintiff's interests.  ECF No. 17 at 7-8.  The Court has considered alternative sanctions to dismissal, and finds that less drastic alternatives would be futile.  Plaintiff has not responded to recent orders of the Court, and Judge Nunley has previously imposed monetary sanctions on counsel.  The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate.  This factor weighs in favor of dismissal.

### 5.  Public policy favoring disposition of cases on the merits

"Public policy favors disposition of cases on the merits."  *Pagtalunan*, 291 F.3d at 643.  This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*   The Court finds this factor weighs against dismissal.

### III.     Conclusion

Upon consideration of the *Ferdik* factors, dismissal of the action without prejudice is appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Defendant's Motion to Dismiss (ECF No. 17) be GRANTED and the action dismissed without prejudice;

2.  Defendant's Motion to Quash (ECF No. 12) be DENIED AS MOOT; and

3.  The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge

4

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5